UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINA PROVENZANO,

       Plaintiff,

                                              Case Number 08-15295-BC
v.                                         Honorable Thomas L. Ludington

LCI HOLDINGS, INC,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CANCELING HEARING

On December 29, 2008, this case was removed from Saginaw County Circuit Court on the basis of diversity jurisdiction. In her original complaint, Plaintiff Regina Provenzano alleged that her former employer, Defendant LCI Holdings, Inc., discriminated against her based on age in violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq. On November 2, 2009, pursuant to leave granted by the Court, Plaintiff filed an amended complaint adding allegations of violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. Plaintiff's claims arise from Defendant's decision to promote Judy Babcock, a younger employee, and not Plaintiff, to an assistant manager position on April 13, 2008.

Now before the Court is Defendant's motion for summary judgment [Dkt. # 32], filed on January 28, 2010. Plaintiff filed a response [Dkt. # 36] on February 18, 2010; and Defendant filed a reply [Dkt. # 37] on February 25, 2010. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes

that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Defendant's motion for summary judgment will be granted.

I

Under Rule 56(c), a court must review "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).

The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The party who bears the burden of proof must present a jury question as to each element of the claim, *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000), rather than raise only "metaphysical doubt as to the material facts." *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

II

Plaintiff was born on September 24, 1958. Plaintiff has a high school diploma and an Associate's degree in retail management. Defendant operates Liz Claiborne Outlet stores throughout the United States. Plaintiff began working for Defendant as a sales associate at its Liz Claiborne Outlet store in Birch Run, Michigan, in September 1997, when she was thirty-nine years old. About two years later, at age forty-two, Plaintiff was promoted to a full-time supervisor position. Plaintiff was promoted by Erica Hall, then an assistant manager acting as the store manager. As a full-time supervisor, Plaintiff performed sales audits, opened boxes, serviced customers, opened and closed the store, took out the trash, and coached sales associates on making sales. Also, Plaintiff testified that throughout her employment with Defendant, she was called upon to travel to assist at other stores that were struggling. She was not responsible for handling payroll, preparing performance evaluations, or scheduling, which were tasks performed by assistant and store managers.

Throughout 2007 and 2008, Defendant underwent a company-wide restructuring based on economic conditions, which resulted in layoffs and required some employees to change positions. Generally, the restructuring was directed at reducing costs and optimizing resources by aligning each store's projected sales volume with employee headcount and a template-based mix of non-supervisory and management positions.

Meanwhile, on April 13, 2008, Judy Babcock, who was thirty-three years old, was promoted to an assistant manager position. By that time, Connie Romanetto, who was sixty-one years old, was the store manager, and Hall was the district manager. Romanetto recommended Babcock for the position and Hall accepted her recommendation. While Plaintiff had worked at the store longer than Babcock, Hall approved the decision because she believed that Babcock satisfied more of the

qualifications of an assistant manager than Plaintiff. Hall Tr. 110-11, May 22, 2009. While Babcock did not have a high school diploma and Plaintiff did, a high school diploma was only one of over forty experiences, skills, and attributes expected of a candidate for an assistant manager position, and Hall testified that no one factor weighs more heavily than another. *Id.* 104-05; Def. Br. Ex. 8 (assistant manager job description).

Specifically, Hall felt that Babcock was a superior candidate because "she got along well with her team members, followed company policies and procedures, had proper communication skills, received positive feedback from employees and customers, was reliable, created displays that were visually appealing, provided good results for the store, and had a positive attitude." Hall. Aff. ¶ 17, Jan. 26, 2010; Hall Tr. 106-07. In addition, Babcock did not have any policy violations or coachings on file. Hall. Aff. ¶ 17. Conversely, Hall felt that Plaintiff's "performance issues, lack of communication skills, and failure to partner with her superiors undermined her promotability." *Id.*; Hall Tr. 117-20.

Plaintiff had been counseled on more than one occasion about her lack of respect for authority, failure to work as part of a team, and poor oral and written communication skills. Pl. Tr. 31, 34-36, May 8, 2009; Hall Tr. 117-18; Def. Br. Ex. 4 (Plaintiff's disciplinary file). For example, in November 2006, Romanetto issued Plaintiff a "final written warning" for violating Defendant's security policy. Pl. Tr. 45, 47; Def. Br. Ex. 4. Another written note authored by Romanetto indicates that Plaintiff violated the policy again on April 4, 2008. Def. Br. Ex. 4. Plaintiff did not deny the accuracy of the write-ups at the time that they were issued. Pl. Tr. 133-34.

Sometime between summer and October 2008, Plaintiff testified that while working she read and printed a corporate email that provided that the company "was going to turn the stores around

to look like 30-something so that the clothes would be geared toward the 30-year-old." Pl. Tr. 71. Plaintiff testified that it was her interpretation of the email that Defendant wanted to "get rid of the younger (sic) people and want to get younger people in there." *Id.* Another employee, Roselle Sanburn, testified that she read the email and it indicated that Defendant "wanted to try to sell to a younger crowd." Sanburn Tr. 12, May 22, 2009. Sanburn acknowledged that the email did not contain any information regarding the age of Defendant's employees. *Id.* 20.

During 2008, Defendant partnered with designer Isaac Mizrahi to create a line of "brighter and more vibrant" clothes. Hall Aff. ¶ 15. During the marketing campaign, Defendant identified its new customer base as "the perpetual 35 year old and women 35-54." *Id.* According to Hall, "[a]t no point did LCI inform me that the ages of its employees needed to match the age of its proposed customer base." *Id.* As of August 2009, the district containing the Birch Run store employed individuals ranging in age from eighteen to seventy-two, with forty-six percent of its employees over the age of forty. *Id.*

### III

The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, the Michigan ELCRA provides that an employer shall not "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . age." Mich. Comp. Laws § 37.2202(1)(a).

A plaintiff can establish a claim of unlawful discrimination under the ADEA or the Michigan

ELCRA either by producing direct evidence of discrimination or by presenting a prima facie case of discrimination in accordance with the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). *Town v. Mich. Bell Tel. Co.*, 568 N.W.2d 64, 67-68 (Mich. 1997); *Hazle v. Ford Motor Co.*, 628 N.W.2d 515, 520-21 (Mich. 2001); *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003). Ultimately, "[w]hen a discrimination case proceeds to trial, the focus is on the ultimate question of discrimination, rather than the burden-switching framework, regardless of whether a plaintiff seeks to prove his case through direct evidence or circumstantial evidence." *Blair v. Henry Filters, Inc.*, 505 F.3d 517, 526 n. 9 (6th Cir. 2007). *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 153 (2000) ("The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.").

Under the ELCRA, the plaintiff must be able to prove that the defendant's discriminatory animus was a "substantial" or "motivating" factor in the decision. *Sniecinski v. Blue Cross and Blue Shield of Mich.*, 666 N.W.2d 186, 192-93 (Mich. 2003) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244 (1989) (plurality)). In some contrast, under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, - - - U.S. - - - -, 129 S. Ct. 2343, 2350 (2009). *See generally Schmitz v. Breckenridge*, No. 08-14559, 2009 WL 3273255, at *11-13 (E.D. Mich. Oct. 9, 2009) (explaining the basis for the difference between age discrimination claims under the ADEA and the ELCRA).

In this case, it is undisputed that Plaintiff has not advanced direct evidence of discrimination. Rather, Plaintiff attempts to offer circumstantial evidence from which an inference of unlawful discrimination can be drawn under the burden-shifting analysis of *McDonnell Douglas*. First, to

establish a prima facie case under *McDonnell Douglas*, a plaintiff must demonstrate that:

> (1) she was a member of the protected class; (2) she suffered an adverse employment action . . . ; (3) she was qualified for the position; but (4) she was discharged under circumstances that give rise to an inference of unlawful discrimination.

*Lytle v. Malady*, 579 N.W.2d 906, 914 (Mich. 1998) (footnote omitted). In age discrimination cases, the fourth element of a prima facie case can be established with evidence that the defendant treated the plaintiff differently than persons of a different age class who engaged in the same or similar conduct. *Town*, 568 N.W.2d at 68.

Second, a presumption of unlawful discrimination arises from establishment of the prima facie case, and the burden shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for the adverse employment action. *Lytle*, 579 N.W.24d at 915. If the defendant articulates a reason, the burden of proof returns to the plaintiff. *Id.* Third, and finally, "[a] plaintiff ha[s] to show . . . that there [i]s a triable issue that the employer's proffered reasons were not true reasons, but were a mere pretext for discrimination." *Id.* Plaintiff can establish pretext in three ways: (1) by showing that the reason had no basis in fact, (2) if the reason had a basis in fact, by showing that it was not the actual factor motivating the decision, or (3) if it was a factor, by showing that it was insufficient to justify the decision. *Feick v. Monroe County*, 582 N.W.2d 207, 212 (Mich. Ct. App. 1998) (citation omitted).

In its motion for summary judgment, Defendant contends that Plaintiff cannot establish the third and fourth elements of a prima facie case or pretext based on Defendant's decision to promote Judy Babcock, rather than Plaintiff, to the assistant manager position in April 2008. First, Defendant argues that Plaintiff cannot establish the third element of a prima facie case, that she was qualified for the position, based on Hall's testimony regarding Plaintiff's performance deficiencies and

Plaintiff's documented performance problems. In response, Plaintiff emphasizes her own testimony and ten years of experience at the store to demonstrate that she is qualified for the position.

Although Defendant suggests that Plaintiff's own opinion of her qualifications is not entitled to great weight, if any, Defendant does not clearly explain why Plaintiff's performance history proves, as a matter of law, that Plaintiff was not qualified for the position as opposed to simply a less attractive candidate than Babcock. The assistant manager job description does not provide that there are any disqualifying characteristics or circumstances. Indeed, as Defendant emphasizes, there are over forty areas of knowledge, skills, and abilities listed as desirable qualities, but none are highlighted as mandatory. While Hall's conclusion that Plaintiff was not qualified for the position may have been reasonable, Defendant has not demonstrated that as a matter of law that is the only conclusion that could reasonably be reached.

Second, Defendant contends that Plaintiff cannot demonstrate the fourth element of a prima facie case, that she was discharged under circumstances that give rise to an inference of unlawful discrimination. In particular, Defendant asserts that Plaintiff cannot demonstrate that Babcock, a younger candidate, was treated more favorably than Plaintiff simply because Babcock did not earn a high school diploma. Defendant emphasizes that a high school diploma was only one of approximately forty skills, experiences, and attributes identified as desirable characteristics of an assistant manager. Defendant further emphasizes that Babcock was recommended for promotion by sixty-one year old Romanetto, who had previously documented Plaintiff's violations of Defendant's security policy.

In addition, Hall testified that she accepted Romanetto's recommendation because she believed Babcock possessed more of the qualifications required of an assistant manager than

Plaintiff. Although Hall mistakenly believed that Babcock possessed a high school diploma, Defendant asserts that an employer's mistaken belief as to an individual's qualifications does not give rise to an actionable discrimination claim. *See Town*, 568 N.W.2d at 72. Overall, Hall viewed Babcock as a talented performer who worked well with the team, followed company policies and procedures, had proper communication skills, received positive feedback from customers, had good merchandising skills, and provided good results for the store. Unlike Plaintiff, Babcock did not have any policy violations or document performance issues. Hall also felt that Plaintiff's lack of communication skills and failure to partner with her superiors rendered Plaintiff unqualified for the management position.

Defendant further emphasizes that at her deposition, Plaintiff was not even aware that Romanetto and Hall had made the promotional decision. Pl. Tr. 92-93. Plaintiff testified that she never had any complaints about Romanetto or Hall when they were her supervisors or store managers, *id.* 60, and that she had never heard either of them make age-related remarks, *id.* 71. Plaintiff thought that Romanetto may have been "jealous" of her and afraid that Plaintiff was trying to take her job. Pl. Tr. 87, 142.

In her response brief, Plaintiff highlights that there is no evidence that Romanetto, as opposed to Hall, was acting under the mistaken assumption that Babcock had a high school diploma. In particular, after Babcock was promoted, Plaintiff approached Romanetto and asked her how Defendant could offer the position to Babcock when she did not have a high school diploma. Pl. Tr. 62. Yet, Plaintiff has not advanced any evidence to support the proposition that the lack of a high school diploma barred Babcock from being qualified for the position, in light of the fact that it was only one of over forty sought-after qualities of an assistant manager. Assuming that Plaintiff was

also qualified for the position, Defendant "has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981).

Plaintiff also relies on the corporate email that she viewed to demonstrate that Defendant employed criteria related to age to make employment decisions. Defendant challenges Plaintiff's reliance on the email because "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Sperle v. Mich. Dep't of Corrs.*, 297 F.3d 483, 495 (6th Cir. 2002) (citing *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000)). Defendant objects that the alleged email is inadmissible hearsay evidence because it is being offered for the truth of what was allegedly stated therein and it has the unreliability of a rumor when Plaintiff does not know when it was sent, who sent it, or where it is. Despite the lack of identifying information, Plaintiff asserts that the email is admissible as a "business record" and that the original is not required pursuant to Federal Rule of Evidence 1004.

Perhaps more significantly, Plaintiff admitted that she interpreted the email to imply that age was important to Defendant in making employment decisions, but could not identify any content of the email other than a description of Defendant's target customers and desired store appearance. Similarly, Sanburn testified that the email did not state anything with respect to the age of Defendant's employee's. Assuming arguendo that Plaintiff's testimony regarding the content of the email were admissible, Plaintiff has simply not explained why its is probative of age discrimination when it describes Defendant's target customers and desired store appearance.

Plaintiff's final attempt to establish the fourth element of a prima facie case is through evidence that throughout 2007 and 2008, during the company-wide restructuring, several employees

over age forty were demoted while younger employees were promoted. While Plaintiff explicitly states that her only claim in this lawsuit arises from Defendant's decision to promote Babcock rather than Plaintiff, Plaintiff asserts that Defendant's other employment decisions provide context for her claim. In its motion, Defendant provided detailed reasons for its employment decisions throughout the restructuring and legal analysis as to potential claims of age discrimination. Without analyzing any of Defendant's decisions under a legal framework, Plaintiff highlights changes in management positions from January 1, 2008 to August or September 2009.

Plaintiff highlights that as of January 1, 2008, the following individuals held management positions at Defendant's Birch Run store: Romanetto, store manager, age 61; Paula Wager, assistant manager, age 41; Plaintiff, full-time supervisor, age 49; and Roselle Sanburn, part-time supervisor, age 51. Then, in August or September 2008, the management structure consisted of: Summer Kenard, store manager, age 27; Wager, assistant manager, age 41; Babcock, assistant manager, age 34; and Romanetto, part-time supervisor, age 61. While Romanetto was on a leave of absence, thirty-year old Annetta Kucab filled in as a part-time supervisor, and when Romanetto did not return due to her death, Sanburn, age 51, filled the position. During this time period, Plaintiff was demoted to a part-time sales associate position before she resigned on or about November 10, 2008. Without more, the simple fact that the management structure changed as it did is not probative of age discrimination.

Based on the above, Plaintiff cannot establish the fourth element of a prima facie case of age discrimination under the ADEA or the ELCRA because she has not advanced any evidence that would allow an inference that the younger employee, Babcock, received the promotion instead of Plaintiff, based on age. Other than the fact that Babcock is younger, there is no link between any

age-related criteria or animus and Defendant's decision to promote Babcock rather than Plaintiff. For the same reasons that Plaintiff cannot establish the fourth element of a prima facie case of age discrimination, Plaintiff cannot establish pretext. Plaintiff has not advanced evidence that would allow a reasonable juror to conclude that age discrimination was the "but-for" cause of Defendant's decision to promote Babcock instead of Plaintiff or that it was a "motivating factor." *See Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 627 (6th Cir. 2006) ("[E]vidence that a rejected applicant was as qualified or marginally more qualified than the successful candidate is insufficient, in and of itself, to raise a genuine issue of fact that the employer's proffered legitimate, non-discriminatory rationale was pretextual.").

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [Dkt. # 32] is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for April 13, 2010 is **CANCELED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 12, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---